IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ARLESTER LEE SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 7:05-cv-02525-SLB-JEO |
| ) | |
| WARDEN CHERYL PRICE and THE ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Before the court is the petitioner's second "Amended Petition" for a writ of habeas corpus. (Doc. 13)[1] The magistrate judge assigned this matter has recommended that the petition be denied and dismissed with prejudice. (Doc. 23). The petitioner's counsel has filed objections to the recommendation. (Doc. 24). Upon consideration of the entire file, the undersigned has reached an independent conclusion that the recommendation is due to be adopted and approved.

**I.   BACKGROUND**

The petitioner was convicted in 2004 in Madison County Circuit Court of attempted murder. He was sentenced to serve a term of imprisonment of twenty-five years. His conviction was affirmed and his State post-conviction challenge was denied. In his initial *pro se* pleadings in this court, he alleged various trial deficiencies and that he was denied effective assistance of counsel. (Doc. 1 & 3 (Petition and First Amended Petition)). After counsel filed a notice of appearance, a second "Amended Petition" was filed on his behalf. It alleges only a claim of

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

ineffective assistance of counsel. Specifically, his present counsel asserts that trial counsel was deficient in that he failed to present evidence (1) that the petitioner was right-handed, (2) that the eye-witness's view of the incident was limited by her line-of-sight and the tinted windows in the store, and (3) that the petitioner did not enter the store as reported in the trial testimony.

The magistrate judge found that the petitioner's claims were procedurally barred from review and that the ineffective assistance of counsel claim was without merit. The petitioner objects that the ineffective assistance of counsel claim is not procedurally barred from review and that he is entitled to relief on the same. (Doc. 24).

## II.   DISCUSSION

To better understand the petitioner's objections, it is necessary to start with the evidence adduced at trial. The magistrate judge stated as follows:

> The evidence from the trial transcript in this matter shows that on August 17, 2002, Terry McCay drove to an Exxon Station in Madison County, Alabama. He was a barber in the area and was returning to work after spending a little time at home. (Tr. at 113).[2] He stopped at the store to get something to eat and to pick up cough drops. *Id*. at 114. It was about midnight. *Id*.
>
> While in the store, he talked with the cashier, Carrie Shelley. They knew each other because the victim visited and talked with Shelley regularly at the store. *Id*. at 115-16. He left after a few minutes. He walked to his car, got inside, and started the engine. *Id*. at 116. About that time, he noticed a car in the rear view mirror. *Id*. at 116, 147. It was blocking his way. After a few minutes, he "revved" up his motor. Nothing happened so he got out of his car and saw a car coming around him. There were a number of individuals approaching him from the car and one of them shot him. *Id*. at 117-19. He could not identify the assailant. *Id*. at 118.
>
> Shelley witnessed the shooting from inside the store where she was standing. Specifically, she stated that she had seen the petitioner "when a white Cadillac pulled up to the gas pumps and four or five guys came in" the store. *Id*.

---

[2]References to "Tr. __" are to the trial transcript located at Doc. 10, Exhibit A.

at 195. Two of the individuals got beer, one went to the restroom, and one paid for the gas. *Id*. at 195-96. The petitioner was identified by Shelley as the one paying for the gas. *Id*. at 197. In fact, she stated that he came in the store twice to pay for the gas. *Id*. The victim went outside.[3] A second car pulled up right behind the victim. Some of the "guys" in the second car had "their heads stuck out [the car] and [were] pointing and laughing at [the victim.]" *Id*. at 202, 241. The white Cadillac was still at the gas pumps. *Id*. About this time, someone walked in the store and stated that "they" were arguing. *Id*. at 203. Shelley unsuccessfully tried to call someone at the club next door for help because they had security. *Id*.

  Shelley then "got right up in the window and [she] watched Terry [McCay]."[4] *Id*. at 203 & 207. She then saw someone push the victim after he got out of his car. *Id*. at 204-05. There were approximately eight to ten individuals outside at that time. *Id*. at 205. The four individuals that had been in the store got back in the Cadillac. The driver moved the car to the side of the parking area. Three persons got out of the car. *Id*. at 240. Two of them were involved in the altercation with McCay. *Id*. Shelley saw the petitioner get out of the car and shoot the victim. *Id*. at 205-06, 239. She was positive of her identification of the petitioner at trial.[5] *Id*. at 206. The individuals that were outside, including the petitioner, then left the area. *Id*. at 206-08. Shelley noted that they "didn't speed out of there or anything. It was like they was [sic] in no hurry, like they didn't do nothing [sic] wrong." *Id*. at 208. Shelley called 911.

  Shelley also went to the police station shortly after the incident and identified the petitioner from a photographic lineup as the individual that shot McCay. *Id*. at 270-72, 299-300.

The petitioner makes two general objections. First, he asserts the determination that the ineffectiveness of counsel claim is procedurally defaulted is incorrect because that claim could not have been made on direct appeal, thus the Rule 32 court and the magistrate judge improperly determined that it was procedurally defaulted. (Doc. 24 at 2-3) Second, he objects that the magistrate judge incorrectly framed the ineffectiveness of counsel issue and, therefore, wrongly

---

[3] He had been inside the store for about fifteen minutes talking with Shelley. *Id*. at 219.

[4] She testified that she was about fifteen feet from the victim at the time of the shooting. *Id*. at 207.

[5] She testified, "I knew for a fact it [(the gun)] was in his left hand and he held it at an angle. . . ." *Id*. at 209.

concluded that the petitioner was not entitled to any relief. *Id*. at 4-9.

### A.   Procedural Default

In support of his first objection that the ineffectiveness of counsel claim should not have been raised on direct appeal, the petitioner argues:

> the claim of ineffective assistance of counsel could not reasonably have been made [on appeal] and the fact that it was raised, without argument . . . may have muddied the waters but did not change the fact that the claim could not have been raised on direct appeal and that it was not heard on direct appeal. The proper course for [the] petitioner, therefore, was to file a Rule 32 petition, as he did.

(Doc. 24 at 2-3). The court disagrees.

The ineffectiveness of trial counsel claim was raised and denied in the motion for a new trial. (Ex. A at 67).[6] Ineffectiveness of trial and appellate counsel was raised on direct appeal and rejected when counsel failed to "present[ ] any specific instance of counsel's ineffectiveness." (Ex. B at 5). Because no petition for a writ of certiorari was filed with the Alabama Supreme Court, the respondents argue, and the magistrate judge found, that the ineffective assistance claims were procedurally defaulted on direct appeal. The petitioner's objection, which asserts that the claims should have been raised and addressed in the post-conviction Rule 32 proceedings and not on direct appeal, does not change the fact that the claims were raised at trial and on appeal, and subsequently defaulted. Additionally, as stated below, even if this court were able to address the merits of the claims, the petitioner is entitled to no relief.

---

[6]References to "Ex. ___" are to the exhibits submitted by the respondents in their answer at document 10.

### B. Ineffectiveness of Counsel

In his second objection, the petitioner argues that this was a particularly close case at trial and there was no legitimate tactical reason not to introduce evidence that the petitioner is right-handed and that it would be unlikely for a right-handed person to have a gun in his left hand. (Doc. 24 at 5-6). He further argues that counsel erred in failing to present the testimony of Angelia Binford that when she visited the store after the incident, she could not see the area where the events surrounding the incident occurred. *Id*. at 8-9. Even if counsel was deficient in failing to adduce this testimony, the court finds that the petitioner has not demonstrated the requisite prejudice to undermine the recommendation of the magistrate judge.

In *Newland v. Hall*, 527 F.3d 1162, 1184-85 (11th Cir. 2008), the Eleventh Circuit Court of Appeal stated:

> The Supreme Court established the test for establishing an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The test is two-pronged. First, the petitioner must prove that his attorney's performance was deficient. Second, the petitioner must show this deficiency prejudiced his defense, in that it "deprive[d] [him] of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S. Ct. at 2064.
>
> . . . .
>
> The petitioner satisfies the *Strickland* test's prejudice prong by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

This case does not meet the *Strickland* prejudice standard. The magistrate judge found as follows concerning this matter:

> . . . [T]he petitioner has not demonstrated the requisite prejudice. "To meet the requisite burden for the prejudice element, the [petitioner] must show

5

> that 'there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. . . .'" *Gilliam v. Secretary for Dept. of Corr.*, 480 F.3d 1027, 1033 (11th Cir. 2007) (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2052). Considering all of the evidence from the trial, the present record, and from the evidentiary hearing, the court is convinced that the petitioner has not shown that there is a reasonable probability that but for the purported ineffectiveness of counsel the factfinder would have had a reasonable doubt about his guilt. To the contrary, the court is convinced that the petitioner has not met the requisite burden of proof as to this prong.

(Doc. 23 at 21).

The record in the instant case clearly supports the magistrate judge's conclusion. The prosecution's main witness, Ms. Shelley, observed the petitioner close-up in the store immediately before the shooting when he paid for the gas (Tr. at 196-97), her attention was focused on the events as they occurred (*id*. at 201), her view of the incident was unobstructed (*id*. at 201, 207), she was "positive" and unequivocal in her identification of the petitioner (*id*. at 206, 209, 270),[7] she was unequivocal in her testimony that she observed the gun in the petitioner's left hand (*id*. at 209), and she watched the petitioner and the others leave the area (*id*. at 208). Additionally, as noted by the magistrate judge, Shelley was subjected to extensive, probing cross-examination. Under these facts and circumstances, the court cannot conclude that had this additional evidence been presented at trial, the result would have been different.

## III. CONCLUSION

The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice. An appropriate order will be entered.

---

[7]She also selected the petitioner from the photographic display used by the investigators before trial. *Id*. at 270-73.

**DONE**, this 6th day of March, 2009.

     *Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE